**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERSON FLAVIO SANTANA,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 25-643<br><br>Agency No.<br>A215-857-658<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2026**
Pasadena, California

Before: CALLAHAN, BUMATAY, and TUNG, Circuit Judges.

Roberson Flavio Santana ("Santana") seeks review of the denial by the

Board of Immigration Appeals ("BIA") of withholding of removal and relief under

the Convention Against Torture ("CAT"). Santana asserts that he would

experience torture from government officials if returned to Brazil and that his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claim of self-defense overcomes the serious nonpolitical crime bar to immigration relief. We have jurisdiction pursuant to 8 U.S.C. § 1252 and we affirm.

1. Santana has not shown that it is more likely than not that he will be tortured if returned to Brazil. "To establish entitlement to protection under CAT, an applicant must show 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Plancarte Sauceda v. Garland,* 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)). The BIA's findings are conclusive unless "'any reasonable adjudicator would be compelled to conclude to the contrary' based on the evidence in the record." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citation omitted); 8 U.S.C. § 1252(b)(4)(B).

The BIA found that District Attorney Medeiros's threats, made during trial in 2016, that he wanted Santana convicted and killed, were overzealous statements. While Santana's expert testified to the corruption in Brazil involving judges, prosecutors, and government officials, Santana offered no evidence concerning Medeiros's inclination or ability to carry out the threats. Also, members of Santana's family resided in Brazil at least until 2021 without being harmed. The record does not compel the conclusion that the BIA erred in finding that Santana would not be tortured if returned to Brazil.

25-643

2. Santana has failed to rebut the "serious reasons" for finding that he committed a serious nonpolitical crime.  Withholding of removal is not available to a noncitizen if "there are serious reasons to believe that the alien has committed a serious nonpolitical crime outside the United States before the alien arrived in the United States."  8 U.S.C. § 1231(b)(3)(B)(iii).  The serious reasons standard has been described as "tantamount to probable cause." *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1188 (9th Cir. 2016) (citation modified).

Santana admits that, in response to two women kicking his wife and pulling her hair, he "instinctively grabbed" an ice pick and stabbed one woman in the shoulder and the other in the upper back, killing her.  He was tried in Brazil *in absentia*.  At trial, his attorney argued self-defense, but the jury found him guilty of involuntary manslaughter and attempted homicide.  Even accepting Santana's claim that the presiding judge was biased against him and that Santana believes he acted in self-defense, he has not shown that the BIA unreasonably found that there are serious reasons to believe that he committed a serious nonpolitical crime.

The petition for review of the BIA's denial of withholding of removal and relief under CAT is **denied**.